IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE: <br><br> ROBERT CHRISTIAN PEEL, <br><br> Debtor. <br><br>———————————————— <br><br> LEGRANDE HOSPITALITY, LLC d/b/a <br> JUICE WINE PURVEYORS, <br><br> Plaintiff, <br><br> vs. <br><br> ROBERT CHRISTIAN PEEL, <br><br> Defendant. | CHAPTER 7 <br><br> CASE NO. 09-04770-8-JRL <br><br><br><br><br> ADVERSARY PROCEEDING <br> NO: 09-00167-8-JRL |

**DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

NOW COMES the defendant-debtor, Robert Christian Peel, through counsel, and respectfully moves the Court for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7012(c), on the grounds that the factual allegations of the Complaint, even if accepted as true and with Plaintiff receiving the benefit of all factual inferences, fail to state a claim upon which relief can be granted. In support of his motion, Defendant respectfully shows the Court the following:

1. The pleadings in this matter are closed, and the resolution of Defendant's motion will not delay the trial of this matter in the event that a trial should be necessary.

2. Plaintiff filed this adversary proceeding alleging that its claims against Defendant should be excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(A) and (a)(6). Plaintiff also asked the Court for an award of punitive damages.

**Section 523(a)(2)(A) Claim**

3. In its first claim for relief, Plaintiff makes the conclusory assertion, "The wine delivered by Plaintiff to Defendant was obtained by false pretenses, a false representation and/or actual fraud, and the debt to the Plaintiffs(sic) should be determined to be excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(A)."

4. The facts alleged by the Complaint do not, as a matter of law, support Plaintiff's Section 523(a)(2)(A) claim. Specifically, the only actual misrepresentation alleged in the Complaint is the allegation that Defendant falsely represented to Plaintiff that he had sufficient assets to engage in business transactions (Complaint ¶ 4).

5. Section 523(a)(2)(A) and (B) make clear that "a statement respecting the debtor's or an insider's financial condition" must be in writing in order to sustain an exception to discharge, and only then if the creditor can establish four specific criteria. 11 U.S.C. § 523(a)(2). Here, the Complaint contains no allegation that the alleged misrepresentation was in writing.

6. Plaintiff's allegations related to Carolina Wine Company, Inc. ("CWC") checks that were returned for insufficient funds or for which payment was stopped are insufficient to support its claims. "With respect to the issuance of a bad check, most courts hold that this is not in itself a sufficient act to establish that a resulting debt is excepted from discharge. The creditor must still establish that the debtor had the intention to deceive the creditor *at the time the check was given*." *In re Basham*, 106 B.R. 453, 457 (Bkrtcy. E.D. Va. 1989) (emphasis added); *Fulcher v. Cooper*, No. L-09-00035-8-JRL at 5 (Bankr. E.D.N.C. Dec. 3, 2009) ("[A] worthless check may form the basis of a nondischargeable debt if, at the time the check was issued, the debtor orally represented that funds were available to honor the check, knowing this to be false."). *See also Matter of Fontana*, 92 B.R. 559 (Bankr. M.D. Ga. 1988) ("Merely stopping payment on a check is not sufficient evidence of an intent to deceive . . ."). There are no allegations in the Complaint that Defendant knew that CWC lacked sufficient funds to honor

the checks, nor are there allegations that Defendant intended to stop payment on the checks at the time they were delivered.

7. Plaintiff has not alleged, nor can it, that Defendant possessed the requisite intent to defraud Plaintiff as required under North Carolina law. *See Myers & Chapman, Inc. v. Thomas G. Evans, Inc.*, 323 N.C. 559, 569, 374 S.E.2d 385, 391 (1988) ("Without the element of intent to deceive, the required scienter for fraud is not present. The term 'scienter' embraces both knowledge and an intent to deceive, manipulate or defraud.").

### Section 523(a)(6) Claim

8. Plaintiff's second claim for relief asserts that CWC's use of checks, which it attributes to Defendant, for which there were insufficient funds or upon which payment was stopped constitutes "willful and malicious injury by the debtor to another entity or to the property of another entity" pursuant to 11 U.S.C. § 523(a)(6) (Complaint, ¶ 24).

9. The Supreme Court has declared: "The word 'willful' in (a)(6) modifies the word 'injury,' indicating that nondischargeability takes a deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury." *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998) (emphasis in original).

10. Plaintiff has not alleged any facts sufficient to establish that Defendant acted with the intent to cause injury to Plaintiff.

### Punitive Damages Claim

11. Similar to Plaintiff's first and second claims for relief, Plaintiff's demand for punitive damages fails to state a claim upon which relief can be granted.

WHEREFORE, the defendant-debtor Mr. Peel respectfully requests that the Court enter judgment on the pleadings in his favor and declare that Plaintiff's claims are dischargeable.

Respectfully submitted, this the 8th day of December, 2009.

    /s/ James M. Hash

William P. Janvier
N.C. State Bar No. 21136
Rebecca F. Redwine
N.C. State Bar No. 37012
James M. Hash
N.C. State Bar No. 38221
Everett, Gaskins, Hancock & Stevens, LLP
Attorneys for Defendant
P. O. Box 911
Raleigh, NC 27602
Telephone: (919) 755-0025
Facsimile: (919) 755-0009

**Certificate of Service**

I, James M. Hash, do hereby certify that a true copy of the foregoing **Motion for Judgment on the Pleadings** was served on the following parties via U.S. Mail, first class:

John Walter Bryant
Amber I. Hayles
J.W. Bryant Law Firm, PLLC
Post Office Drawer 909
Raleigh, NC 27602

Respectfully submitted, this the 8th day of December, 2009.

                                              /s/ James M. Hash
                                              James M. Hash