**SO ORDERED.**

**SIGNED this 19 day of February, 2010.**



_Stephani W. Humrickhouse_
Stephani W. Humrickhouse
United States Bankruptcy Judge

___

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CASE NO. |
| ROBERT CHRISTIAN PEEL | 09-04770-8-SWH |
| DEBTOR | |
| | |
| LEGRANDE HOSPITALITY, LLC d/b/a JUICE WINE PURVEYORS | |
| | ADVERSARY PROCEEDING NO. |
| Plaintiff | |
| | H-09-00167-8-AP |
| v. | |
| ROBERT CHRISTIAN PEEL | |
| Defendant. | |

**ORDER ALLOWING MOTION FOR JUDGMENT ON THE PLEADINGS**

The matter before the court is the defendant's motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, made applicable in this adversary proceeding by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure. A hearing took place in Raleigh, North Carolina on February 17, 2010.

Robert Christian Peel filed a petition for relief under chapter 7 of the Bankruptcy Code on June 9, 2009. On August 7, 2009, Legrande Hospitality filed the complaint in this adversary

proceeding seeking to except certain obligations from discharge pursuant to 11 U.S.C. §§ 523(a)(2)(A) and (a)(6). Mr. Peel filed an answer on September 10, 2009, and filed a motion for judgment on the pleadings on December 8, 2009.

The complaint alleges generally that Mr. Peel was the sole shareholder of Carolina Wine Company, that the plaintiff sold wine to Carolina Wine Company, that the checks issued to pay the plaintiff were returned for insufficient funds, that Mr. Peel had the payment stopped on the checks that were issued to replace the dishonored checks, and that Mr. Peel failed to comply with the terms of a payment agreement. Mr. Peel contends that the factual allegations fail to support the claims for exception to discharge.

In deciding a motion for judgment on the pleadings pursuant to Rule 12(c), courts "employ the same standard applicable to dismissals pursuant to Fed.R.Civ.P. 12(b)(6). " Hayden v. Paterson, -- F.3d ---, 2010 WL 308897 (2nd Cir. 2010). "Thus, we will accept all factual allegations in the complaint as true and draw all reasonable inferences in [plaintiff's] favor. To survive a Rule 12(c) motion, [plaintiff's] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Johnson v. Rowley, 569 F.3d 40, 43-44 (2d Cir. 2009) (per curiam) (internal citation and quotation marks omitted) (quoting Ashcroft v. Iqbal, -- U.S.---, ----, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009)).

Until recently, the standard for determining a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure was governed by Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957), which provided that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Because the rules required only notice pleading, courts

construed a plaintiff's allegations liberally. Courts were to accept the plaintiff's factual allegations as true, drawing all reasonable inferences in the plaintiff's favor. Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997).

However, the Supreme Court rejected the Conley standard in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007), instead holding that a complaint must include "enough facts to state a claim to relief that is plausible on its face." The Court fleshed out this standard in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), holding first that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and second that "only a complaint that states a plausible claim for relief survives a motion to dismiss." 129 S. Ct. at 1949. The allegations must be more than a "formulaic recitation of the elements" of a claim. 129 S. Ct. at 1951. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." 129 S. Ct. at 1949.[1]

> Section 523(a)(2) excepts from discharge any debt
> 
> for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by–
> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;
> (B) use of a statement in writing–
>     (i) that is materially false;
>     (ii) respecting the debtor's or an insider's financial condition;

---

[1] For a detailed analysis of Twombly and Iqbal, see Angell v. BER CARE, Inc. (In re Caremerica, Inc.), Adv. Pro. No. L-08-00174-8-AP (Bankr. E.D.N.C. July 23, 2009).

>    (iii) on which the creditor to whom the debtor is liable for such money, property, services or credit reasonable relied; and
>    (iv) that the debtor caused to be made or published with intent to deceive[.]

11 U.S.C. § 523(a)(2). Mr. Peel contends that the plaintiff failed to allege any misrepresentation upon which the plaintiff relied, noting that simply tendering a check that is later returned for insufficient funds is not a basis to except the debt from discharge. Fulcher v. Cooper (In re Cooper), Adv. Pro. No. L-09-00035-8-JRL (Bankr. E.D.N.C. Dec. 3, 2009). Mr. Peel further contends that the checks upon which payment was stopped were for wine already received, and no goods were obtained in reliance on those checks. Similarly, no credit was extended or goods provided in reliance on the payment agreement. Finally, to the extent any alleged misrepresentations were statements respecting the financial condition of Mr. Peel or Carolina Wine Company, there are no allegations of any writings. Consequently, the defendant maintains, the plaintiff has failed to adequately plead a claim under § 523(a)(2).

The plaintiff maintains that Mr. Peel represented that Carolina Wine Company had sufficient funds to cover the checks that were issued to pay for the wine and that the fact that there were so many returned and stopped checks creates an inference in the plaintiff's favor. However, the plaintiff was unable to point to any allegations of misrepresentations respecting anything other than the financial condition of the debtor or an insider of the debtor, nor was a written misrepresentation identified. Further, no specific misrepresentations were identified as required by Rule 9(b) of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Rule 7009 of the Federal Rules of Bankruptcy Procedure. The court finds that the plaintiff has failed to plead factual content that allows the court to draw the reasonable inference that the debt is nondischargeable under § 523(a)(2) as required by Iqbal.

Section 523(a)(6) of the Bankruptcy Code excepts from discharge a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity."  There are no factual allegations in the complaint to support this cause of action, only the bare assertion that the actions of using checks for which there were insufficient funds and/or stopping payment on checks constitutes willful and malicious injury by the debtor to another entity.  Complaint at ¶ 24.  This allegation is in essence a recitation of the elements of the claim.  At the hearing, the plaintiff contended that Mr. Peel knew that it would be injured by the failure to receive the funds due for the wine sold to Carolina Wine Company.  However, "nondischargeability takes a deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury."  Kawaauhau v. Geiger, 523 U.S. 57, 61 (1998).  It also requires malice.  The standard for a willful and malicious injury is a high one, and the plaintiff has not met the pleading standard required by Iqbal with respect to this claim.

The allegations in the complaint fail to show how the debt to the plaintiff differs from the other debts incurred by Mr. Peel and/or Carolina Wine Company and fail to establish a probability that the debt to the plaintiff is nondischargeable.  Based on the foregoing, the motion for judgment on the pleadings is **ALLOWED**.  However, the plaintiff may file an amended complaint before the close of business on **Friday, March 19, 2010**, to set forth any factual allegations that support its claims consistent with this order.

    **SO ORDERED.**

**END OF DOCUMENT**