**SO ORDERED.**

**SIGNED this 13 day of July, 2010.**



*Stephani W. Humrickhouse*
**Stephani W. Humrickhouse**
**United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NORTH CAROLINA
# RALEIGH DIVISION

| | |
|---|---|
| **IN RE:** | **CASE NO.** |
| **ROBERT CHRISTIAN PEEL** | **09-04770-8-SWH** |
|     **DEBTOR** | |
| | |
| **LEGRANDE HOSPITALITY, LLC d/b/a JUICE WINE PURVEYORS,** | **ADVERSARY PROCEEDING NO.** |
|     **Plaintiff,** | **H-09-00167-8-AP** |
|     v. | |
| **ROBERT CHRISTIAN PEEL,** | |
|     **Defendant.** | |

### ORDER ALLOWING MOTION TO DISMISS AMENDED COMPLAINT

The matter before the court is the defendant's motion to dismiss the amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable in this adversary proceeding by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, for failure to state a claim pursuant to § 523(a)(2)(A). A hearing took place in Raleigh, North Carolina on May 12, 2010.

Statement of the Case

Robert Christian Peel filed a petition for relief under chapter 7 of the Bankruptcy Code on June 9, 2009. On August 7, 2009, LeGrande Hospitality, LLC (d/b/a Juice Wine Purveyors) filed a complaint initiating this adversary proceeding seeking to except certain obligations from discharge pursuant to 11 U.S.C. §§ 523(a)(2)(A) and (a)(6). Mr. Peel filed an answer on September 10, 2009, followed by a motion for judgment on the pleadings filed on December 8, 2009. On February 19, 2010, the court issued an order allowing judgment on the pleadings (the "February 19 Order"), but reserving for LeGrande the opportunity to file an amended complaint by March 19, 2010. LeGrande did file an amended complaint, seeking relief solely under 11 U.S.C. § 523(a)(2)(A). Mr. Peel filed the present motion to dismiss on March 29, 2010, asserting that LeGrande failed to state a claim upon which relief can be granted. LeGrande filed a response on April 16, 2010.

Statement of the Facts

LeGrande is a wine wholesaler who sold and delivered wine to Carolina Wine Company ("CWC"), a North Carolina corporation owned by the debtor. Although the parties conducted business with one another since December 2006, only two wine sale transactions form the basis for LeGrande's claim that its debt should not be discharged: the April 23, 2008 sale in the amount of $93,720.48 (the "April Transaction"); and the May 28, 2008 sale in the amount of $9,261.84 (the "May Transaction").

The April Transaction involves the delivery of $93,720.48 worth of wine to CWC in exchange for one check in the amount of $13,720.48 and eight checks in the amount of $10,000.00 each. The parties agreed that LeGrande would deposit one $10,000.00 check "approximately every

2

week until the balance was paid in full." The $13,720.48 check and only one of the $10,000.00 checks cleared the bank, leaving a balance owing on this transaction of $70,000.00.

The May Transaction involves the delivery of $9,261.84 worth of wine to CWC in exchange for a $10,000.00 check from the debtor. That check did not clear the bank and the entire amount owing from the May Transaction remains outstanding.

After several unsuccessful attempts at redepositing and replacing the checks that did not clear from the April and May Transactions, the parties entered into a written payment agreement on August 13, 2008 which provided that the debtor would pay LeGrande at least $10,000.00 per week, by cashier's check, every week until the balance owed was paid in full. The debtor breached the payment agreement.

Discussion

Until recently, the standard for determining a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure was governed by <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957), which provided that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Because the rules required only notice pleading, courts construed a plaintiff's allegations liberally, accepting the plaintiff's factual allegations as true and drawing all reasonable inferences in the plaintiff's favor. <u>Ibarra v. U.S.</u>, 120 F.3d 472, 474 (4th Cir. 1997).

In <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007), however, the Supreme Court rejected the <u>Conley</u> standard, and instead held that a complaint must include "enough facts to state a claim to relief that is plausible on its face." The Court recently

fleshed out this standard in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), holding first that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and second that "only a complaint that states a plausible claim for relief survives a motion to dismiss." 129 S. Ct. at 1949. The allegations must be more than a "formulaic recitation of the elements" of a claim. 129 S. Ct. at 1951. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." 129 S. Ct. at 1949; see also Angell v. BER CARE, Inc. (In re Caremerica, Inc.), Adv. Pro. No. L-08-00174-8-AP (Bankr. E.D.N.C. July 23, 2009) (setting out a detailed analysis of Twombly and Iqbal).

With this new, more stringent pleading requirement in mind, we turn to § 523(a)(2), which excepts from discharge any debt

> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by–
> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition . . .

11 U.S.C. § 523(a)(2)(A).

A creditor seeking to except a debt from discharge must establish all of the elements of fraud: "(1) false representation, (2) knowledge that the representation was false, (3) intent to deceive, (4) justifiable reliance on the representation, and (5) proximate cause of damages." Nunnery v. Rountree (In re Rountree), 478 F.3d 215, 218 (4th Cir. 2007). Rule 9(b) of the Federal Rules of Civil Procedure requires that the circumstances constituting fraud be pled with particularity;

however, intent, knowledge and other conditions of a person's mind may be alleged generally. See United States ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370 (4th Cir. 2008); United States ex rel. Westwick v. Second Chance Body Armor, Inc., 685 F. Supp. 2d 129 (D.D.C. 2010).

It is well-understood that the issuance of a worthless check alone does not support nondischargeability, but LeGrande argues that a worthless check coupled with a false or fraudulent oral representation, made with the intent to deceive, may be sufficient. In Fulcher v. Cooper (In re Cooper), Adv. Pro. No. L-09-00035-8-AP (Bankr. E.D.N.C. Dec. 3, 2009), the court held that "a worthless check may form the basis of a nondischargeable debt if, at the time the check was issued, the debtor orally represented that funds were available to honor the check, knowing this to be false." See also Designed Flooring Distribs., Inc. v. Wagenti (In re Wagenti), 110 B.R. 602, 604 (Bankr. S.D. Fla. 1990) (finding that a debtor who knowingly issues a worthless check in conjunction with oral representations that the check will be honored is guilty of making a false statement under § 523(a)(2)(A)); Tusco Grocers Inc. v. Coatney (In re Coatney), 185 B.R. 546, 550 (Bankr. N.D. Ohio 1995) ("Any positive statement regarding the nature of the Defendant-Debtors' bank balance or their intent to pay the debt could only be actionable pursuant to § 523(a)(2)(A) if the statements were made at the same time that the checks at issue were cut and transferred.").

LeGrande maintains that the amended complaint supports its claim under § 523(a)(2)(A) in that it identifies instances where the debtor coupled the delivery of a check which did not clear with oral representations that the checks would be honored by the bank. Under Cooper, LeGrande argues, oral statements or representations of "pending" funds, accompanied by NSF checks, may be the basis for a finding of nondischargeability. Mr. Peel contends that any representations made by him, or on his behalf, related only to his financial condition and therefore, because they were not

in writing, cannot form the basis for nondischargeability. He additionally states that any checks tendered to LeGrande after delivery of the wine do not support a finding of nondischargeability, thus removing any replacement checks from the analysis. Finally, Peel contends that there has been insufficient pleading of any intent to deceive.

The amended complaint must, under Iqbal, plead sufficient factual content to allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged," i.e., that each of the essential elements of the claim is present. Iqbal, 129 S. Ct. at 1949. The representation at issue with regard to the April Transaction is set forth in paragraph 17 of the amended complaint:

> 17. At the time of the exchange on April 23, 2008 [sic], Defendant represented to the [sic] Mr. Marvin that a series of checks was necessary because he was making daily deposits and while $93,720.48 may not be available for a single payment, funds would be available to make the smaller payments and the outstanding balance would be paid. Defendant made such assertions knowing the same to be false or with reckless disregard as to their truth.

The amended complaint sets forth no other alleged representation made at the time the series of checks was issued for the April Transaction and, therefore, the court must evaluate whether paragraph 17 adequately pleads the first two essential elements of fraud under the Twombly/Iqbal standard, i.e., does paragraph 17 contain sufficient facts to allow the court to draw a reasonable inference that the defendant made a false representation knowing that it was false. Paragraph 17 contains no allegation that Mr. Peel ever represented that the nine checks delivered at the time of the sale were backed by sufficient funds in the bank at that time. To the contrary, plaintiff's amended complaint states that Mr. Peel acknowledged that the amount due was **not** presently available. He requested that LeGrande deposit the checks in installments, and wrote the checks in incremental amounts for that purpose. In fact, two of the checks tendered cleared the bank. The inquiry must then be whether the representation that "funds would be available to make the smaller

payments and the outstanding balance would be paid" is sufficient to support a § 523(a)(2)(A) claim.

In In re Cooper, this court found, after a trial on the merits, that the issuance of a bad check coupled with the representation that "funds were pending that would be available in a short time or in two or three days," where the debtor asked the creditor to "wait for the funds to clear before depositing the checks" supported a finding of nondischargeability under § 523(a)(2)(A). The evidence in that case showed that there was, in fact, no pending transaction. The facts alleged by the plaintiff here are distinguishable. The plaintiff does not allege the debtor represented that any specific transaction which was "pending" would fund one or more of the checks issued and that plaintiff merely had to wait for those specific funds to clear. Instead, the debtor allegedly represented that the checks would clear in the regular operation of its business over time. In fact, one of the checks did so clear. During the two previous years of business with one another, the debtor had paid for wine shipments using a series of checks and, on many occasions, delivered checks which were returned for insufficient funds. On those previous occasions, the checks ultimately were paid either through redeposit or replacement. In light of that past experience, there is no reasonable inference that the representation alleged regarding the April Transaction was knowingly false.

Although failure to adequately plead any one of essential elements is fatal to plaintiff's cause of action, the court finds that the amended complaint fails as to the third and fourth essential elements, as well. The facts alleged in the amended complaint do not support a reasonable inference as to either intent to deceive or justifiable reliance. It is significant that bounced checks between these parties was a common practice in their business dealings. The transactions on which the

amended complaint are based appear to be representative of these parties' business practices, which frequently involved LeGrande providing wine, accepting late payment, and often contending with bounced checks because Mr. Peel could not cover checks as they came due. The only difference between the ordinary business dealings of the parties in the past and the April Transaction is that, this time, Mr. Peel could not ultimately make good on the checks that were written. That conclusion to their business dealings was to LeGrande's detriment and to the detriment of many other creditors as well, but that does not in and of itself indicate an intent to deceive and defraud LeGrande. It is significant that over a year passed between the April Transaction and the filing of the petition. Based on past experience, a reasonable inference would be that the debtor intended time to resolve the issue not that he intended never to pay for the wine. As to justifiable reliance: reliance upon the collection of any one check tendered by the debtor to the plaintiff would appear to be misplaced and, more importantly, unexpected. No reasonable inference can, therefore, be made from the facts alleged by the plaintiff that the debtor intended to deceive the plaintiff[1] or that the plaintiff could have reasonably relied upon any statement regarding the collectibility of the checks tendered on April 23, 2008.

      Turning now to the claim arising out of the May Transaction, the court notes that the amended complaint indicates that at the time the second delivery of wine was made, all but two of the checks tendered by the debtor for the first wine delivery had been returned for insufficient funds, and several replacement checks had been similarly returned. LeGrande was clearly and indisputably on notice of the precarious financial condition of the debtor and its reliance upon any representations

---

[1] The court recognizes that intent may be pled generally pursuant to Fed. R. Civ. P. 9(b), but determines that the amended complaint fails as to this essential element even under the less stringent pleading standard.

of the debtor to the contrary, and as to any specific check, cannot be justifiable. Any pleading asserting such reliance is not plausible.

Although neither party has argued the effect of the payment agreement on LeGrande's claim of nondischargeability, it does provide an additional basis for dismissal of the amended complaint. After it became apparent that the checks tendered for the April and May Transactions, as well as several replacement checks, would not clear the bank, the parties reached a new agreement concerning the debt. The payment agreement entered into on August 13, 2008, provided that the debtor would deliver *cashier's* checks to LeGrande on a weekly basis, in an amount not less than $10,000.00, until the entire balance of the debt was paid. The novation of the parties replaces the original agreement and attendant representations, and therefore, LeGrande cannot now rely upon any of the terms of its original arrangement to support its quest for a finding of nondischargeability of its debt. See Medical Staffing Network, Inc. v. Ridgway, 194 N.C. App. 649, 653 (N.C. Ct. App. 2009) (holding that the substitution of a new contract constitutes a novation)

Section 523(a)(2)(A) provides that "extensions" of credit obtained by fraud may also form the basis for a claim of nondischargeability. Paragraph 34 of the amended complaint asserts that LeGrande agreed not to immediately file suit on the indebtedness and to extend the credit in exchange for executing the payment agreement. The payment agreement qualifies as an extension of credit as that term is defined in this circuit. See Foley & Lardner v. Biondo (In re Biondo), 180 F.3d 126 (4th Cir. 1999) (defining "extension" as an indulgence by a creditor giving his debtor further time to pay an existing debt). Paragraphs 34-37 of the amended complaint, which contain all allegations regarding the alleged fraud surrounding the August 13, 2008 contract, fail to allege justifiable reliance upon any representations made at the time the parties entered into the payment

agreement. Even if the amended complaint had contained such a representation, the past experience of LeGrande with the debtor would make such reliance not only unjustified, but implausible.

The court finds that the plaintiff has failed to plead sufficient factual content for the court to draw the reasonable inference that the debt represented by either the April or May Transaction is nondischargeable under § 523(a)(2), as required by Iqbal. Additionally, the novation entered into by the parties supercedes any of the terms of, or representations made ancillary to, the original contract of the parties, and reliance upon any representations made in conjunction with the payment agreement cannot have been justified. Based on the foregoing, the motion to dismiss the amended complaint is **GRANTED**.

**SO ORDERED.**

**END OF DOCUMENT**